IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LAWRENCE GENE BOTHWELL, §
§
   Plaintiff, §
§
v. § Case No. CIV-19-500-HE
§
UNITED STATES DEPARTMENT OF §
JUSTICE, EXECUTIVE OFFICE FOR §
UNITED STATES ATTORNEYS, AND THE §
UNITED STATES ATTORNEYS OFFICE §
FOR THE WESTERN DISTRICT OF §
OKLAHOMA, §
§
   Defendants. §



FILED

JUN 27 2019

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____N.V._____,DEPUTY

AMENDED COMPLAINT

1. This Action is brough in accordance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552(a), where the United States Department of Justice ("DOJ"), its Executive Office for United States Attorneys ("EOUSA"), and the United States Attorneys Office for the Western District of Oklahoma ("USAO-WDOK"), have participated in a scheme to prevent disclosure of certain public records.

2. Plaintiff seeks (i) a Declaratory Judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, (ii) a preliminary and permanent injunction pursuant to Rule 65 of the Federal Rules of Civil Procedures ("FRCvP") against further withholding of the records Plaintiff sought administratively from each Defendant respectively, (iii) full disclosure and release of all records requested under the FOIA by Plaintiff to the Defendants including all information improperly withheld from Plaintiff involving the **SIX** FOIA requests at issue in this Amended Complaint.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this action pursuant to

(1)

5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331 and § 1346. Stipulating this Court inherent equitable powers to remedy constitutional and statutory wrongs because the allegations set forth in this Amended Complaint arises under the Constitution and Laws of the United States.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 since the violations and resulting injury alleged herein originated through 28 U.S.C. § 116(c) USAO-WDOK.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 since the DOJ, EOUSA, and USAO-WDOK maintain possession of, exercise control over, "create[], "obtain[]", generate, utilize, "read and rel[y] upon" the "Agency Records" and information that Plaintiff sought (and continues to seek) in his Six Proper and Reasonably Described FOIA requests.

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. See <u>Hart v. U.S. Dept. of Justice</u>, 648 F.Supp 2d 113, 115 (D.C. 2009)("Such [Appointment] documents are maintained only in the individual's personnel file, which is maintained by the district office where the individual attorney works...")

7. This Court has the authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and FRCvP 57.

8. This Court has the authority to grant injunctive relief in this action pursuant to 5 U.S.C. § 702 and FRCvP Rule 65.

9. Venue is proper in the U.S.C. 116(c) Judicial District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b)(2) because all the events and ommissions that give rise to the claims alleged herein occurred in this judicial district given <u>Hart</u>, 648 F.Supp 2d at 115.

## THE PARTIES

10. Plaintiff is a federal prisoner confined at Seagoville Federal Prison Camp located at 2113 N. Hwy 175; Seagoville, Texas 75159.

11. The DOJ is a federal agency located at the seat of the United States government at Main Justice Building, 950 Pennsylvania Avenue, N.W., Washington D.C. 20530.

12. The EOUSA is an organizational unit with the DOJ, see 28 CFR 0.1, also located at the seat of the United States government at Main Justice Building, Room 2261, RFK.

13. The USAO-WDOK is a seperate agency from that of the DOJ or EOUSA and is located at 210 Park Avenue, Suite 400, Oklahoma City, Ok 73102.

## FACTUAL HISTORY

14. On February 12, 2018, Plaintiff sent a FOIA request to the EOUSA of the DOJ seeking all records evidencing the appointment of Robert J. Troester ("Troester") to the Office of Assistant United States Attorney ("AUSA") to the USAO-WDOK between September 1995 to January 19, 2018.

15. On February 12, 2018, Plaintiff sent a FOIA request to the EOUSA of the DOJ seeking all records evidencing the appointment of Troester to the Office of First AUSA ("First AUSA") for the USAO-WDOK between September 1995 to January 19, 2018.

16. On February 12, 2018, Plaintiff sent a FOIA request to the EOUSA of the DOJ seeking all records evidencing the appointment of Troester as Acting United States Attorney ("Acting USA") for the Western District of Oklahoma ("WDOK") from January 1, 2018 to February 28, 2018.

17. On February 12, 2018, Plaintiff sent a FOIA request to the USAO-WDOK seeking all records showing the notification to the Comptroller General

of the United Staes of any vacancies in the USAO-WDOK between January 1, 2016 to December 31, 2016, and any person serving as Acting USA longer than 210 days.

18. On February 12, 2018, Plaintiff sent a FOIA request to the USAO-WDOK seeking all records showing the notification to the Comptroller General of the United States of any vacancies in the USAO-WDOK, and any person serving as Acting USA longer than 210 days between January 1, 2018 through February 12, 2018.

19. On February 12, 2018, Plaintiff sent a FOIA request to EOUSA of the DOJ seeking all records evidencing the appointment of Troester as Acting USA for the WDOK between September 1995 to January 1, 2010.

20. On February 20, 2018, Acting USA Troester sent Plaintiff the letters confirming receipt of Plaintiff's Two FOIA requests that Plaintiff sent on February 12, 2018 to the USAO-WDOK.

21. On April 4, 2018, the EOUSA of the DOJ assigned FOIA-2018-00253 to all six of Plaintiff's FOIA requests sent to EOUSA of the DOJ (4 and the 2 forwarded by the USAO-WDOK to EOUSA on February 20, 2018).

22. Accompanying the April 4, 2018 letter in FOIA-2018-002523, EOUSA for the DOJ provided an Oath signed by Mark A. Yancey ("Yancey") dated December 8, 2016 and Troester dated March 19, 1996, indicating Troester was appointed a month earlier on February 18, 1996, as an AUSA for the USAO-WDOK.

23. On June 28, 2018, I timely appealed the April 4, 2018 FOIA response to the Office of Information Policy ("OIP") listing Five Grounds of error to the EOUSA of the DOJ's April 4, 2018 FOIA response to all six of Plaintiff's FOIA requests dated February 12, 2018.

24. On September 19, 2018, OIP affirmed the EOUSA of the DOJ's April 4,

2018 response, assigning Appeal No. DOJ-AP-2018-006609, and remanded the EOUSA of the DOJ its lack of response involving "person[s] serving in an 'acting' capacity and the dates such service began.

25. On November 26, 2018, EOUSA for the DOJ responded in regard to the OIP's remand assigning FOIA-2018-005847 and providing six records.

26. EOUSA of the DOJ provided (1) a copy of an "order No. 3724-2016 naming Yancey as United States Attorney ("USA") for the WDOK on August 1, 2016 purusuant to 28 U.S.C. § 546 and signed by Attorney General ("AG") Loretta E. Lynch ("Lynch"), (2) a copy of a letter to this United States District Court, Chief Judge Honorable Joe Heaton ("Chief Judge Heaton") from Norman Wong, from EOUSA alerting Chief Judge Heaton that AG Lynch appointed Yancey as the USA for the WDOK pursuant to 28 U.S.C. § 546 dated August 3, 2016, (3) a November 30, 2016 letter alerting Chief Judge Heaton that AG Lynch's appointment of Yancey under 28 U.S.C. § 546 was expiring on December 10, 2016, and that Chief Judge Heaton "continue the appointment of Yancey," signed by Director Monty Wilkinson ("Wilkinson"), (4) an order appointing Yancey by Chief Judge Heaton pursuant to 28 U.S.C. § 546(d), (5) an oath naming Yancey to the office of USA in Oklahoma City, Oklahoma dated December 8, 2016, and (6) a public announcement that Yancey was resigning his § 546(d) appointment by Chief Judge Heaton on January 19, 2018 and explaining Yancey became "Acting" USA upon Sanford C. Coats ("Coats") resigning in January 2016, then received appointments from the AG and then "the district judges of the Western District of Oklahoma.

27. In the January 19, 2018 public notice of Yancey's resignation, Troester is identified as to becoming "Acting U.S. Attorney by operation of law under the Vacancies Reform Act of 1998."

(5)

28.     The January 19, 2018 public notice explains Troester as "First Assistant."

29.     The January 19, 2018 public notice states that Troester "became an Assistant U.S. Attorney in September 1995....held supervisory positions, including...First Assistant U.S. Attorney, and Acting U.S. Attorney on two prior occasions."

30.     On November 7, 2018, Plaintiff sent to OIP in DOJ-AP-2018-006609 a clarification to his appeal.

31.     On February 23, 2019, Plaintiff mailed his appeal of the November 26, 2018 FOIA response involving OIPs partial remand in FOIA-2018-005847 with four grounds.

32.     On May 17, 2019, OIP assigned DOJ-AP-002928 to my February 23, 2019 appeal and closed the file finding the post mark of March 1, 2018 was "5 days after the regulating deadline."

33.     On May 28, 2019, Plaintiff requested OIP reconsider its closing of DOJ-AP-002928.

34.     On June 4, 2019, Plaintiff supplemented his request to reopen DOJ-AP-2019-002928 explaining that on February 23, 2019 Plaintiff also mailed what he mailed to OIP he mailed to his father.

## FIRST CLAIM FOR RELIEF

35.     Paragraphs 1 thru 34 are realligned and incorporated herein by reference hereto.

36.     Troester began exercising the office of AUSA in September 1995, signed an oath on March 19, 1996 indicating he was appointed AUSA for the WDOK on February 18, 1996 (a month earlier) and has at least twice exercised

(6)

the power of a USA for the WDOK under the Federal Vacancies Reform Act ("FVRA"), which requires Troester qualify as the First AUSA prior to resignation of the outgoing USA for the WDOK.

37. Troester even exercised the Office of Acting USA for the WDOK recently from January 20, 2018 to on or about June 5, 2019, (which is well beyond the 210 days provided by law), after Yancey had previously used the FVRA, 28 U.S.C. §§ 546(a) and 546(d), as the USA for the WDOK.

38. EOUSA for the DOJ, in response to Plaintiff's four (4) FOIA requests involving Troester only provided Troester's March 19, 1996 oath and a January 19, 2018 public notice explaining Troester's history as an AUSA for the WDOK, the First AUSA and Acting USA.

39. The DOJ's January 19, 2018 public notice clearly relied upon more information and public documents than a March 19, 1996 oath to an office Troester had served in since September 1995.

40. As a result, this Court should order EOUSA of the DOJ to stop withholding every record evidencing the Appointment, Commission, and Oaths of Troester between September 1995 through the 'present day' to the office of AUSA, First AUSA, and Acting USA for the WDOK, and provide each of these without further delay to Plaintiff.

## SECOND CLAIM FOR RELIEF

41. Paragraphs 1 thru 34 are realligned and incorporated here by reference hereto.

42. The DOJ has reported at least Three instances where there was a vacancy in the Office of USA for the WDOK in need of certificate under 5 U.S.C. § 3349.

43. The USAO-WDOK, who would have been required to make the § 3349

certificate, forwarded Plaintiff's Two § 3349 requests to EOUSA of the DOJ.

44. There is no question that Troester's most recent exercise as the WDOK Acting USA exceeds 5 U.S.C. § 3346's 210 days having served from January 20, 2018 to June 5, 2019 as the WDOK Acting USA.

45. And there is no question a vacancy in the Office of USA requires a submission reporting the date such vacancy occurred and the name of any person serving in an acting capacity along with when that service began under 5 U.S.C. § 3349(a)(1),(2), and (3).

46. However, EOUSA of the DOJ and on behalf of the USAO-WDOK, could locate no such submissions for the WDOK USA Office.

47. As a result, this Court should order the EOUSA of the DOJ and on behalf of the WDOK USAO, to stop withholding the 5 U.S.C. § 3349 certificates, of which at least three would exist, and to provide such records without further delay to Plaintiff.

## REQUEST FOR RELEIF

Plaintiff requests (<u>1</u>) that this Court find Plaintiff has exhausted his administrative remedies in regards to the Six FOIA access requests at issue, (<u>2</u>) that the EOUSA of the DOJ and the USAO-WDOK be ordered immediately to provide all requried records of Appointments, Commissions, and Oath for Troester and the certification records indicating the vacancy in the USAO-WDOK under 5 U.S.C. § 3349, (<u>3</u>) alternatively, that this Court enter a declaratory judgment that such records for Troester, or the certifications under 5 U.S.C. § 3349 do not factual exist in any recorded form, (<u>4</u>) that the EOUSA of the DOJ be permanently enjoined from continuing to violate Plaintiff's rights under the FOIA, (<u>5</u>) that this Court award Plaintiff from EOUSA of the DOJ and the USAO-WDOK all costs and fees associated with

this FOIA action finding Plaintiff has substantially brought an awareness for the public benefit in regards to Troestor's lack of evidence of appointment to Office as an AUSA, First AUSA, and Acting USA, for the Western Judicial District of Oklahoma, or that the withholding of such records had no reasonable basis in law or fact, and (**6**) the Court grant Plaintiff any and all other relief, generally and specifically, at law or in equity, for which this Court finds appropriate and for which Plaintiff is entitled.

Respectfully Submitted,

*/s/ Lawrence G. Bothwell*
Lawrence G. Bothwell
Reg. # 28951-064
Federal Prison Camp
P.O. Box 9000
Seagoville, Texas 75159

## VERIFICATION

I Lawrence G. Bothwell, delcare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that I am the Plaintiff in the above entitled action and that the facts alleged above and herein are true and correct to the best of my knowledge and belief.

*/s/ Lawrence G. Bothwell*
Declarant

CERTIFICATE OF SERVICE

I hereby certify that on JUNE 24, 2019, I mailed U.S First Class Postage Prepaid, the above Amended Complaint to the Clerk of Court, 200 N.W. 4th Street, Room 1210, Oklahoma City, OK 73102; I further certify that there are no other parties to serve at this time.

_____
Server

DECLARATION OF MAILING

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(1), under the laws of the United States of America, that on JUNE 24, 2019, I deposited the above Amended Complaint in the U.S. Mailbox located inside Seagoville Camp to the address for the Clerk of Court listed above.

_____
Declarant