## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LAWRENCE GENE BOTHWELL,    )
                                 )
        Plaintiff,      )
                                 )
v.                               )     Case No. CIV-19-00500-JD
                               )
UNITED STATES DEPARTMENT OF  )
JUSTICE, et al.,           )
                               )
        Defendants.   )

## ORDER

Before the Court is a Report and Recommendation ("R. & R.") [Doc. No. 30]

entered by United States Magistrate Judge Shon T. Erwin, recommending that the Court

dismiss Defendants Executive Office for United States Attorneys ("EOUSA") and United

States Attorney's Office for the Western District of Oklahoma ("USAO-WDOK") for

lack of subject-matter jurisdiction but otherwise deny the Motion to Dismiss ("Motion")

filed by Defendant United States Department of Justice ("DOJ") [Doc. No. 18]. DOJ filed

a timely Objection [Doc. No. 31] to the R. & R., objecting to its entirety, except for those

portions of the report where Judge Erwin recommended dismissal of EOUSA and USAO-

WDOK and concluded that Plaintiff Lawrence Gene Bothwell's ("Bothwell") Amended

Complaint [Doc. No. 9] vacated and superseded the original Complaint he filed. Bothwell

filed a response to DOJ's Objection [Doc. No. 34].

As required by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure

72(b)(3), the Court has conducted a de novo review of all matters to which DOJ objected.

Having concluded that review, and for the reasons discussed below, the Court accepts the

R. & R., as modified below, dismisses this action as to EOUSA and USAO-WDOK, and otherwise denies DOJ's Motion.

## I.     BACKGROUND

### A.     Bothwell's Allegations in the Amended Complaint

Bothwell, a former federal prisoner proceeding pro se,[1] filed this action for declaratory and injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a. In his Amended Complaint [Doc. No. 9], Bothwell alleges that on February 12, 2018, he sent four FOIA requests to EOUSA seeking all records evidencing the appointment of Robert J. Troester ("Troester") to the following positions within the USAO-WDOK during the specified time periods:

    (1)    Assistant United States Attorney ("AUSA") (September 1995–January 19, 2018);

    (2)    First AUSA (September 1995–January 19, 2018);

    (3)    Acting United States Attorney (September 1995–January 1, 2010); and

    (4)    Acting United States Attorney (January 1–February 28, 2018).

(collectively, the "Troester Requests"). Am. Compl. [Doc. No. 9 ¶¶ 14–16, 19]. On the same date, Bothwell sent two FOIA requests to USAO-WDOK seeking all records

---

[1] At the time this action was filed, Bothwell was a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). According to BOP's website, he was released from custody on December 18, 2020. *See* https://www.bop.gov/inmateloc/; *see also* Pro Se Notices of Changes of Address [Doc. Nos. 37–40]. Because Bothwell is proceeding pro se, the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). However, the Court may not "assume the role of advocate for the pro se litigant." *Id.*

showing notification to the Comptroller General of the United States of any vacancies in the USAO-WDOK and any person serving as Acting United States Attorney for the Western District of Oklahoma for longer than 210 days from January 1, 2016 to December 31, 2016, and from January 1, 2018 to February 12, 2018 (the "Vacancy Requests"). [*Id.* ¶¶ 17–18].

USAO-WDOK forwarded the Vacancy Requests to EOUSA, and EOUSA responded to all six FOIA requests on April 4, 2018, assigning FOIA-2018-002523 ("FOIA 2523") to the requests and providing two documents: an oath signed by Mark A. Yancey ("Yancey") dated December 8, 2016, and an oath signed by Troester dated March 19, 1996, indicating Troester had been appointed as an AUSA the previous month. [*Id.* ¶¶ 21–22].

Bothwell timely appealed EOUSA's response to the Office of Information Policy ("OIP"), and on September 19, 2018, OIP adjudicated the appeal by remanding the portion of Bothwell's request concerning "person[s] serving in an 'acting' capacity and the dates such service began," but otherwise affirming the response. [*Id.* ¶¶ 23–24].

Bothwell alleges that on November 26, 2018, EOUSA responded "in regard to the OIP's remand assigning FOIA-2018-005847 ("FOIA 5847") and provid[ed] six records." [*Id.* ¶ 25]; *see also* [Doc. No. 18-1]. Five of the records relate to Yancey's appointment as United States Attorney for the USAO-WDOK in 2016. Am. Compl. [Doc. No. 9 ¶ 26]. The sixth record was a January 19, 2018 public notice announcing that Yancey was resigning his position, that Troester would become Acting United States Attorney by

operation of law under the Federal Vacancies Reform Act ("FVRA"),[2] and detailing Troester's history in the USAO-WDOK. [*Id.* ¶¶ 26–29]. Bothwell again appealed, but this time OIP denied his appeal as untimely because it was not postmarked by the appeal deadline. [*Id.* ¶¶ 30–34].

Based on these facts, the Amended Complaint asserts two claims. The first claim seeks an order requiring EOUSA to produce records responsive to the Troester Requests, while the second claim seeks an order requiring EOUSA to produce records responsive to the Vacancy Requests. With respect to the first claim, Bothwell alleges that Troester held multiple positions with the USAO-WDOK for which there should be evidence of appointments, commissions, and oaths, and yet EOUSA provided only Troester's 1996 oath as AUSA and a public announcement explaining Troester's history as an AUSA, First AUSA, and Acting United States Attorney. With respect to the second claim, Bothwell alleges that there have been at least three vacancies in the USAO-WDOK requiring a certificate under 5 U.S.C. § 3349 (requiring notification to the Comptroller General of certain vacancies in an office), and yet EOUSA provided no such documents.

B.    **The Government's Motion to Dismiss**

DOJ moved to dismiss [Doc. No. 18] the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Bothwell did not exhaust his administrative remedies before suing and that his Amended Complaint does not state a claim under FOIA. DOJ also argues that it is the only proper defendant by statute and that EOUSA

---

[2] 5 U.S.C. § 3345 *et seq*.

and USAO-WDOK are not proper defendants.

DOJ contends that a FOIA requester may not bring a civil action under FOIA unless he first exhausts his administrative remedies by timely filing an administrative appeal. DOJ argues that Bothwell's appeal of FOIA 5847 was not timely because it was not postmarked until after the appeal deadline and, therefore, his Amended Complaint should be dismissed. Additionally, DOJ argues that dismissal is required because the Amended Complaint does not plausibly allege how the agency improperly withheld agency records. DOJ contends that Bothwell has not challenged the reasonableness of the government's search and that he only offers conclusory allegations that the government is withholding documents.

Bothwell offers various arguments in response [Doc. No. 20]. First, he contends that the focus of his Amended Complaint is not FOIA 5847 but rather FOIA 2523, which he asserts was fully exhausted. He argues that FOIA 2523 is principally about Troester, whereas FOIA 5847 concerns Yancey and was mentioned only because it shows the kind of agency records the government has provided in other situations, which he asserts supports his view that the government is withholding records relating to Troester. Alternatively, Bothwell argues that his appeal of FOIA 5847 was timely because he placed it in the prison mail before the appeal deadline, as evidenced by a declaration of mailing. Finally, Bothwell points out that various provisions of the United States Constitution and United States Code specifically require the appointment and

commissioning of officers of the United States like Troester.[3] In light of these requirements, he argues that his allegations that the government failed to provide evidence of Troester's appointments and commissions (or unequivocally state that such documents do not exist) plausibly demonstrate that the government has improperly withheld agency records.

In reply [Doc. No. 22], DOJ argues that Bothwell's position that his lawsuit is about FOIA 2523 and not FOIA 5847 is contrary to his allegation in the Amended Complaint that FOIA 5847 was the number assigned on remand to FOIA 2523. Nonetheless, DOJ asserts that Bothwell failed to plead administrative exhaustion of FOIA 2523. DOJ also suggests that Bothwell has not supported his belief that additional documents exist with anything more than "wild conspiracy theories," and reiterates its position that there are no facts suggesting the government's search for records was inadequate or that the government is knowingly withholding documents. [Doc. No. 22 at 4].

With leave of Court, Bothwell filed a surreply [Doc. No. 25] addressing the administrative exhaustion of FOIA 2523. He points to a statement in OIP's September

---

[3] Bothwell cites to Article II, § 2, cl. 2 and § 3 and Article VI, cl. 3 of the United States Constitution (vesting the appointment and commissioning of officers in the President and requiring an oath or affirmation of all officers), as well as 28 U.S.C. §§ 503, 542(a), and 546 (naming the Attorney General as the head of the DOJ and vesting the Attorney General with the power to appoint AUSAs and United States Attorneys in districts where there is a vacancy); and 5 U.S.C. § 3345(a)(1) (providing for the First AUSA to perform the duties of a United States Attorney in an acting capacity in the event of a vacancy subject to certain time limitations); and 5 U.S.C. § 3349 (requiring the head of Executive agencies to notify the Comptroller General of certain vacancies in an office).

19, 2018 appeal response advising that Bothwell could file a lawsuit if he were dissatisfied with OIP's action on his appeal. Bothwell discusses additional facts that he claims support his view that FOIA 2523 and FOIA 5847 are unrelated. For example, he indicates that FOIA 5847 bears a receipt date of 2010—well before the Troester Requests or Vacancy Requests were first submitted. Bothwell also contends that FOIA 5847 was the government's response to unrelated FOIA requests Bothwell submitted in December 2017 regarding Yancey.

**C.   Judge Erwin's Report and Recommendation**

In the R. & R. [Doc. No. 30], Judge Erwin recommends that the Court dismiss EOUSA and USAO-WDOK for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Judge Erwin reasons that "federal jurisdiction under FOIA is dependent upon a showing that *an agency* has improperly withheld its records." [Doc. No. 30 at 5 (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 137–38 (1980)]. Because EOUSA and USAO-WDOK are offices within the agency of DOJ, Judge Erwin concludes that DOJ is the only proper defendant in this action.

Additionally, Judge Erwin recommends that the Court reject DOJ's exhaustion argument and instead conclude that FOIA 2523 is the only request pertinent to this lawsuit and that Bothwell administratively exhausted his remedies with respect to that request. Judge Erwin indicates that OIP's September 19, 2018 response to Bothwell's FOIA 2523 appeal specifically advised Bothwell that he could file a lawsuit in federal district court if he was dissatisfied with OIP's action on his appeal. And Judge Erwin notes that Bothwell has "repeatedly affirm[ed] that this lawsuit concerns only FOIA

2523," and he concludes that DOJ has presented no evidence FOIA 5847 was the number assigned to a portion of FOIA 2523 on remand. [Doc. No. 30 at 8].

Finally, Judge Erwin recommends that the Court reject DOJ's argument that the Amended Complaint fails to state a claim under FOIA. Specifically, Judge Erwin concludes that Bothwell in the Amended Complaint sufficiently challenges the reasonableness of the government's search in response to Bothwell's original FOIA requests. Judge Erwin indicates that Bothwell does this by pointing to specific constitutional and statutory provisions under which Bothwell believes those records should exist and by providing analogous examples of documentation concerning Yancey. Judge Erwin ends his analysis by recommending the Court deny DOJ's Motion.

## II.   DISCUSSION

### A.   Standard of Review

By statute, the Court must only review de novo those portions of the R. & R. "*to which objection is made*." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also* Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Here, DOJ timely objected to the R. & R., except the portions concluding that DOJ is the only proper defendant to this action and that the Amended Complaint vacated and superseded the original Complaint. Specifically, DOJ objects to Judge Erwin's conclusion that Bothwell fully exhausted his administrative remedies and that the Amended Complaint states a claim under FOIA. The Court considers each objection in turn.

**B.      Bothwell's claims are not subject to dismissal for failure to exhaust.**

*1)      The Exhaustion Requirement*

A plaintiff generally must exhaust his administrative remedies under FOIA before filing suit in federal court. *Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174, 1179 (10th Cir. 2011). However, the Tenth Circuit has clarified that exhaustion under FOIA "is a prudential consideration rather than a jurisdictional prerequisite." *Id.* at 1181. Accordingly, while "exhaustion remains a hurdle that FOIA plaintiffs must generally clear in order to obtain relief," a failure to exhaust will not bar review where the purposes of exhaustion—"namely, preventing premature interference with agency processes, affording the parties and the courts the benefit of the agency's experience and expertise, or compiling a record which is adequate for judicial review—have all been served . . . ." *Id.* at 1183 (internal quotation marks, brackets, and ellipses omitted).

To exhaust one's administrative remedies, a FOIA requester must make use of the administrative appeal process. *See Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 690 (10th Cir. 2003) (unpublished)[4] (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)); *see also Watters v. Dep't of Just.*, 576 F. App'x 718, 722 (10th Cir. 2014) (unpublished) (refusing judicial review where the requester failed to perfect a proper administrative appeal). This process, outlined in 5 U.S.C. § 552(a)(6)(A)(III)(aa), provides that a FOIA requester may appeal an adverse determination of a records request by appealing to the head of the agency within the time set by the head of the agency. An

---

[4] All unpublished opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

adverse determination includes a decision that "the requested record does not exist, cannot be located, or has been destroyed." 28 C.F.R. § 16.6(d). A requester seeking records from DOJ may appeal any adverse determination to OIP by submitting an appeal in writing, postmarked within 90 calendar days after the date of the response. 28 C.F.R. § 16.8(a).

2)      *Analysis*

In the R. & R., Judge Erwin concludes that Bothwell fully exhausted his administrative remedies before filing suit because he timely appealed FOIA 2523 to OIP. DOJ concedes that Bothwell fully exhausted his remedies with respect to the matters affirmed on appeal of FOIA 2523. *See* [Doc. No. 31 at 3]. However, it argues that Bothwell's remedies were not exhausted with respect to the matters remanded (i.e., records of "person[s] serving in an 'acting' capacity and the dates such service began"). *Id.* DOJ contends that the records Bothwell seeks in this lawsuit fall squarely within that remand. DOJ also specifically objects to Judge Erwin's conclusion that there is no evidence FOIA 5847 was the number assigned on remand to FOIA 2523.

In response to DOJ's objection, Bothwell provides an expanded explanation of the differences between FOIA 5847 and FOIA 2523 and argues that FOIA 5847 was a response to unrelated FOIA requests relating to Yancey. In support, he attaches copies of two FOIA requests from December 2017 seeking records of Yancey's appointment to the office of United States Attorney for the Western District of Oklahoma under 28 U.S.C. §§ 546(a) and 546(d) (the "Yancey Requests"). *See* [Doc. No. 34-6 at 2, 5]. Bothwell points out that the documents provided in response to FOIA 5847 all relate to Yancey's

appointment under the above statutory provisions, not Troester's appointments under 28 U.S.C. § 542(a) or 5 U.S.C. § 3345 and not the vacancy notification requirements under 5 U.S.C. § 3349.

Upon de novo review of the parties' arguments and the record, the Court agrees with DOJ that FOIA 5847 was the number assigned on remand of FOIA 2523.[5] The Amended Complaint alleges as much. *See* Am. Compl. [Doc. No. 9 ¶ 25]. FOIA 5847 also specifically mentions Troester, which belies Bothwell's argument that FOIA 5847 was only a response to the Yancey Requests. FOIA 5847 [Doc. No. 18-1 at 1] (noting "there were no appointing documents executed for Bob Troester during the time frame (April 4, 2018–November 2, 2018) of [Bothwell's] request"). The Court acknowledges that FOIA 5847 references a 2010 date of receipt (well before the FOIA requests at issue in this lawsuit), but Bothwell himself suggests that the 2010 date reference was an error. *See* Resp. [Doc. No. 20 at 4] (noting that he was not involved in mailing FOIA requests

---

[5] The Court takes judicial notice of the *Department of Justice Handbook for Agency Annual FOIA Reports* ("*Handbook*") (Nov. 4, 2019), which is publicly available on the DOJ's website at https://www.justice.gov/oip/docs/doj-handbook-for-agency-annual-freedom-of-information-act-reports.pdf/download. The *Handbook* provides that "agencies may give the remanded request a new tracking number or annotate the original tracking number to reflect that it has been remanded," "[i]n order to properly track a remanded request and capture the time taken to process it." *Handbook* at 7 (also noting that the "OIP encourages agencies to make interim responses" to records requests); *see also* 5 U.S.C. § 552(a)(7)(A) ("Each agency shall establish a system to assign an individualized tracking number for each request . . . and provide to each person making a request the tracking number assigned to the request.") (cleaned up); *Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*, No. 18-cv-03065-MEH, 2021 WL 825985, at *4 (D. Colo. Mar. 4, 2021) (the court noted that the agency had assigned a separate tracking number to one portion of the plaintiff's request for certain records, but subsequently decided to consider all portions of the FOIA request under the same initially assigned tracking number).

in 2010 and asserting that EOUSA typed the wrong date).

The Court is not persuaded, however, that the records Bothwell seeks in this lawsuit "fall squarely within the FOIA remand." *See* Obj. [Doc. No. 31 at 7]. OIP remanded "the portion of [Bothwell's] request concerning 'person[s] serving in an "acting" capacity and the dates such service began' to EOUSA for a further search for responsive records." [Doc. No. 20 at 1]; *see also* [Doc. No. 1-1 at 215]. After comparing this remand language with the Amended Complaint, the Court concludes for the reasons discussed below that the records Bothwell seeks in this lawsuit are outside the scope of the remand and are thus ripe for judicial review.

a)      *Records Sought in Bothwell's First Claim for Relief*

In his First Claim for Relief, Bothwell seeks an order requiring DOJ to produce records showing the appointment, commission, and oaths of office for Troester "to the office[s] of AUSA, First AUSA, and Acting [United States Attorney]" from September 1995 to the "present day." *See* Am. Compl. [Doc. No. 9 ¶ 40].[6] It appears that records relating to offices Troester held in an official capacity (i.e., AUSA and First AUSA) would be outside a remand for records of "person[s] serving in an 'acting' capacity and the dates such service began." *See, e.g.*, *Rocky Mountain Wild v. U.S. Bureau of Land*

---

[6] The Court notes that this claim seeks records for time periods beyond those identified in Bothwell's original FOIA requests, which sought records from September 1995 to January 19, 2018, for the offices of AUSA and First AUSA, and September 1995 to January 1, 2010, and January 1, 2018 to February 28, 2018, for the office of Acting United States Attorney. *See* Am. Compl. [Doc. No. 9 ¶¶ 14–16, 19]. The Court doubts Bothwell is entitled to documents not specifically identified in his FOIA request; however, that issue is not currently before the Court and so the Court leaves resolution of this issue for another day.

*Mgmt.*, 445 F. Supp. 3d 1345, 1357 (D. Colo. 2020) (noting that a FOIA requester "must reasonably describe the records sought, and the responding agency may appropriately refrain from disclosing materials that are outside the scope of the request") (internal quotation marks, brackets, and citations omitted); *see also* 5 U.S.C. § 552(a)(3)(A)(i).

Admittedly, records relating to Troester's appointment, commission, and oaths of office as Acting United States Attorney are superficially related to the remand in that they necessarily concern an individual serving in an acting capacity. However, Bothwell does not seek records showing "dates such service began"; rather, he seeks records showing appointments, commissions, and oaths for Troester during a specified period. OIP specifically noted that Bothwell's FOIA request not only included access to records of acting attorneys within the WDOK "and any report that found any person served longer than 210 days as the Acting United States Attorney," but also appointment information for Troester. [Doc. No. 1-1 at 215]. Thus, OIP viewed the Troester Requests as separate and not part of the remand. *Id.* The Court therefore concludes that the records sought in Bothwell's First Claim for Relief (i.e., records responsive to the Troester Requests) fall outside the scope of a remand for a search for records of "person[s] serving in an 'acting' capacity and the dates such service began." Accordingly, Bothwell's administrative appeal of FOIA 2523 exhausted his administrative remedies with respect to his First Claim for Relief.

  b)  *Records Sought in Bothwell's Second Claim for Relief*

Bothwell's Second Claim for Relief seeks an order requiring DOJ to produce certain "5 U.S.C. § 3349 certificates" for vacancies in the office of the USAO-WDOK.

Am. Compl. [Doc. No. 9 ¶ 47]. Section 3349 provides in relevant part:

> The head of each Executive agency . . .  shall submit to the Comptroller General of the United States and to each House of Congress—
>
> (1) notification of a vacancy in an office to which this section and sections 3345, 3346, 3347, 3348, 3349a, 3349b, 3349c, and 3349d apply and the date such vacancy occurred immediately upon the occurrence of the vacancy;
>
> (2) the name of any person serving in an acting capacity and the date such service began immediately upon the designation;
>
> (3) the name of any person nominated to the Senate to fill the vacancy and the date such nomination is submitted immediately upon the submission of the nomination; and
>
> (4) the date of a rejection, withdrawal, or return of any nomination immediately upon such rejection, withdrawal, or return.

5 U.S.C. § 3349(a). The statute further provides that "[i]f the Comptroller General of the United States makes a determination that an officer is serving longer than the 210-day period including the applicable exceptions to such period under section 3346 or section 3349a, the Comptroller General shall report such determination immediately . . . ." *Id.* § 3349(b).

Bothwell's demand for § 3349 certificates corresponds with the Vacancy Requests, which seek "all records showing the notification to the Comptroller General of the United States of any vacancies in the USAO-WDOK, and of any person serving as Acting [United States Attorney] longer than 210 days" during the time periods January 1, 2016 to December 31, 2016, and January 1, 2018 to February 12, 2018. Am. Compl. [Doc. No. 9 ¶¶ 17–18]. Upon careful review, the Court concludes that these records do not fall within OIP's remand for a further search for records showing "person[s] serving

in an 'acting' capacity and the dates such service began." Although the Court notes that the remand language seems to track the portion of § 3349(a)(2) requiring notifications to the Comptroller General to include the "name of any person serving in an acting capacity and the date such service began," OIP's appeal decision letter [Doc. No. 1-1 at 215–16] does not mention § 3349 at all, nor does it generally reference notifications to the Comptroller General. Additionally, the remand does not cover records showing notifications of vacancies, dates of vacancies, nominations to fill the vacancy, or notifications of persons serving as Acting United States Attorney longer than 210 days.

Based on this record, the Court is unable to find that the records sought in Bothwell's Second Claim for Relief (i.e., records responsive to the Vacancy Requests) fall squarely within the scope of a remand for a search for records of "person[s] serving in an 'acting' capacity and the dates such service began." Accordingly, the Court finds Bothwell's administrative appeal of FOIA 2523 exhausted his administrative remedies with respect to this claim.

**C.    The Amended Complaint states a claim under FOIA.**

*1)    Standard of Review*

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Moore*

*v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (citation omitted). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). For a claim to be plausible, the allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the allegations in a complaint "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

### 2)   *Analysis*

To state a claim under FOIA, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant improperly withheld agency records. *See U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (noting that federal jurisdiction under FOIA "is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" (quoting *Kissinger*, 445 U.S. at 150)). An agency "improperly" withholds records when those records do not fall within one of the exemptions under 5 U.S.C. § 552(b). *Id.* at 151. Additionally, "[e]ven when an agency does not deny a FOIA request outright, the requesting party may still be able to claim 'improper' withholding by alleging that the agency has responded in an inadequate manner." *Id.* at 151 n.12.

DOJ does not contest that the records Bothwell seeks are "agency records," but it

contends that there are no alleged facts showing DOJ improperly withheld those records. Specifically, DOJ argues that there are no facts to support Bothwell's conclusion that DOJ is knowingly withholding documents, and it argues that the Amended Complaint does not otherwise challenge the adequacy of DOJ's search.

Judge Erwin recommended that the Court reject DOJ's argument, finding that the Amended Complaint does sufficiently challenge the adequacy of DOJ's search. Judge Erwin reasoned that Bothwell had pointed to specific statutory and constitutional provisions under which he believed records should exist and had provided examples of analogous records that had been produced for other individuals.

In its Objection to the R. & R., DOJ argues that 28 U.S.C. § 546—one of the statutory provisions Judge Erwin references—has no bearing on the records at issue in this case because that statute merely allows the Attorney General to appoint a United States Attorney when there is a vacancy. DOJ emphasizes that Troester was never appointed as a United States Attorney and, therefore, no documents under this statute would exist. DOJ similarly argues that records for Yancey are not analogous because Yancey was appointed as United States Attorney and did not merely serve in an acting capacity.

After conducting a de novo review, the Court agrees with Judge Erwin's conclusion that the Amended Complaint states a claim under FOIA, and mainly for the same reasons. The Court notes that § 546 is not the only relevant provision giving credence to Bothwell's claim that additional records responsive to his FOIA requests should exist. Bothwell argues at length in various submissions to this Court that

17

additional records should exist because the appointment and commissioning of officers of the United States is governed by Article II, § 2, cl. 2 and § 3 and Article VI, cl. 3 of the United States Constitution (vesting the appointment and commissioning of officers in the President and requiring an oath or affirmation of all officers), as well as 28 U.S.C. §§ 503, 542(a), and 546 (making the Attorney General as the head of DOJ and vesting the Attorney General with the power to appoint AUSAs and United States Attorneys in districts where there is a vacancy), and 5 U.S.C. § 3345(a)(1) (providing for the First AUSA to perform the duties of a United States Attorney in an acting capacity in the event of a vacancy subject to certain time limitations in § 3346 (210 days)). Additionally, as previously discussed, § 3349 requires the head of an Executive agency to notify the Comptroller General of certain vacancies in office.

Bothwell alleges specific facts in the Amended Complaint showing that Troester held multiple offices in the USAO-WDOK from 1995 to 2019, but that in response to Bothwell's request for records of appointments, commissions, and oaths for each office Troester held, EOUSA produced only Troester's 1996 oath as AUSA. *See* Am. Compl. [Doc. No. 9 ¶¶ 36–38]. He also alleges that the FVRA "requires Troester qualify as the First AUSA prior to resignation of the outgoing [United States Attorney]" for Troester to lawfully exercise the office of Acting United States Attorney upon Yancey's resignation. [*Id.* ¶ 36]. Additionally, Bothwell alleges that Troester "exercised the Office of Acting [United States Attorney] . . . well beyond the 210 days provided by law" after Yancey resigned. [*Id.* ¶ 37]; *see also* 5 U.S.C. § 3346(a)(1) (noting the 210-day limitation); 5 U.S.C. § 3345(a)(1) (noting that the first AUSA shall perform the functions and duties of

18

the office in an acting capacity subject to the time limitations in § 3346).[7]

Thus, Bothwell identifies a notable gap in time between Troester's appointment as an AUSA in March 1996 and being named Acting United States Attorney in January 2018, a position which under the FVRA required him to be a First AUSA. *See* Am. Compl. [Doc. No. 9 ¶¶ 21–22]. In other words, he has alleged sufficient facts suggesting that DOJ withheld records concerning Troester's appointment or promotion from AUSA to First AUSA, or that DOJ provided an inadequate response to such request. Finally, the Amended Complaint also alleges facts showing that there have been various vacancies in the office of United States Attorney for the WDOK since 1995, but that DOJ was unable to locate any notifications under § 3349. [*Id.* ¶¶ 29, 36–37, 42–46].

Given these factual allegations, the relevant statutory and constitutional provisions identified by Bothwell in the Amended Complaint, either by citation or otherwise, and drawing all reasonable inferences in favor of Bothwell, the Court concludes that Bothwell has plausibly alleged facts showing that an adequate search would have revealed additional records and that DOJ thus "improperly withheld" agency records. In the very least and considering the Court's generous construction of Bothwell's pro se pleading, the Court finds that Bothwell has alleged sufficient facts to plausibly show that DOJ responded to his FOIA requests in an inadequate manner.

---

[7] *See Nat'l Lab. Rels. Bd. v. SW Gen., Inc.*, 580 U.S. 288 (2017) (noting that the general rule under the FVRA is that the first assistant to a vacant office becomes the acting officer; discussing the time limits imposed under the FVRA; and holding that the FVRA prohibits a person from permanently filling a vacant office that requires Presidential appointment and Senate confirmation by temporarily carrying out the duties of the office as an acting officer without Senate confirmation).

**D.     DOJ is the only proper defendant.**

Finally, neither party objected to Judge Erwin's conclusion that EOUSA and

USAO-WDOK are offices within the agency of DOJ and, therefore, are not proper

parties. Accordingly, the Court accepts the R. & R. to the extent it recommends dismissal

of EOUSA and USAO-WDOK.

**III.    CONCLUSION**

Having carefully and thoroughly considered this matter de novo, and for the

reasons stated above, the Court:

(1)     ACCEPTS the Report and Recommendation [Doc. No. 30], AS
        MODIFIED herein;

(2)     DISMISSES Defendants Executive Office for United States Attorneys and
        United States Attorney's Office for the Western District of Oklahoma under
        Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction; and

(3)     Otherwise DENIES the Motion to Dismiss [Doc. No. 18] filed by the
        United States Department of Justice.

IT IS SO ORDERED this 13th day of June 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE