## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LAWRENCE GENE BOTHWELL,     )
                                      )
            Plaintiff,        )
                                      )
v.                                )     Case No. CIV-19-00500-JD
                                      )
UNITED STATES DEPARTMENT OF     )
JUSTICE,                            )
                                      )
            Defendant.     )

## <u>ORDER</u>

Before the Court is Defendant United States Department of Justice's ("DOJ")
Motion for Summary Judgment ("Motion") [Doc. No. 70]. Plaintiff Lawrence Gene
Bothwell filed a response in opposition [Doc. No. 73], and DOJ filed a reply [Doc. No.
74]. For the reasons stated below, the Court grants the Motion.

## I.    <u>BACKGROUND</u>

This case arises from Mr. Bothwell's request under the Freedom of Information
Act ("FOIA"), 5 U.S.C. § 552, for records pertaining to the appointment of Robert J.
Troester, United States Attorney, to various positions within the United States Attorney's
Office from 1995 to 2018. Mr. Bothwell challenges the reasonableness of DOJ's search
for responsive documents. The following facts are undisputed.

On February 12, 2018, Mr. Bothwell submitted six FOIA requests to DOJ
requesting the following information:

1.    From the Executive Office for United States Attorneys ("EOUSA"), all records related to the "actual" appointment of Mr. Troester to Assistant United States Attorney ("AUSA") from September 1995 to January 2018;

2.    From EOUSA, all records related to the "actual" appointment of Mr. Troester to First AUSA from September 1995 to January 2018;

3.    From EOUSA, all records related to the "actual" appointment of Mr. Troester to Acting United States Attorney ("Acting USA") from January 1, 2018, to February 28, 2018;

4.    From EOUSA, all records related to the "actual" appointment of Mr. Troester to Acting USA from September 1995 to January 1, 2010;

5.    From the United States Attorney's Office for the Western District of Oklahoma ("USAO-WDOK"), records showing notification to the Comptroller General of the United States of any vacancies in the district between January 1, 2016, to December 31, 2016, and any person serving as Acting USA longer than 210 days; and

6.    From USAO-WDOK, records showing notification to the Comptroller General of the United States of any vacancies in the district and any person serving as Acting USA longer than 210 days between January 1, 2018, to February 12, 2018.

By letter dated April 4, 2018, EOUSA responded to the FOIA requests, assigning FOIA-2018-002523 to the requests and providing two documents: an Oath of Office signed by former United States Attorney Mark A. Yancey dated December 8, 2016, and an Oath of Office signed by Mr. Troester dated March 19, 1996. On May 29, 2018, Mr. Bothwell sent a letter to EOUSA titled "Clarification of 'FOIA-2018-002523.'"

On July 3, 2018, the Office of Information Policy ("OIP") received Mr. Bothwell's appeal of FOIA-2018-002523. On September 19, 2018, OIP adjudicated the appeal by remanding the portion of Bothwell's request concerning "person[s] serving in an 'acting' capacity and the dates such service began" to EOUSA for a further search for

responsive records, but otherwise "affirming EOUSA's action on [Bothwell's] request." [Doc. No. 70-10 at 1].[1] On September 20, 2018, OIP issued an internal memorandum to EOUSA with instructions to conduct a further search for "person[s] serving in an 'acting' capacity and the dates such service began." [Doc. No. 70-11].

On November 26, 2018, EOUSA responded to OIP's remand, assigning FOIA-2018-005847 to the requests and providing six documents to Bothwell—all of which pertained to former United States Attorneys Mark Yancey and Sanford C. Coats. On June 11, 2024, EOUSA sent a supplemental response to Bothwell.

## II.    **PROCEDURAL POSTURE**

DOJ seeks summary judgment on Bothwell's claims under Federal Rule of Civil Procedure 56. *See* Motion at 15–24. Alternatively, DOJ seeks dismissal of Bothwell's claims under Federal Rule of Civil Procedure 12(b)(1), arguing that the Court lacks subject matter jurisdiction. *See id.* at 25–26.

In challenging the Court's jurisdiction, DOJ asserts that "all responsive documents were produced through [DOJ's] initial search and remand search" and that DOJ, "[a]lthough not required," "produced additional documents through a voluntary, supplemental search," such that Bothwell's claims are now moot. *Id.*; *see Anderson v. U.S. Dep't of Health & Hum. Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993) (explaining that, on a motion to dismiss for mootness, "[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot"); *see also Mink v.*

---

[1] The Court uses CM/ECF page numbering from the top of district court docket filings in this Order.

*Suthers*, 482 F.3d 1244, 1257 (10th Cir. 2007) (noting that "mootness [is] jurisdictional

and non-waivable"). Consequently, DOJ "challenge[s] not just [Bothwell's] allegations

of jurisdiction but also the facts underlying those allegations." *Davis ex rel. Davis v.*

*United States*, 343 F.3d 1282, 1295 (10th Cir. 2003); *cf. Pueblo of Jemez v. United States*,

790 F.3d 1143, 1148 n.4 (10th Cir. 2015) (differentiating between facial and factual

attacks under Rule 12(b)(1)).

      The Tenth Circuit's approach to such a challenge is well-established. Generally, a

court deciding a factual attack on subject matter jurisdiction has "wide discretion" to

consider evidence outside the pleadings on that issue. *Holt v. United States*, 46 F.3d

1000, 1003 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United*

*States*, 531 U.S. 425, 437 (2001). However, when "resolution of the jurisdictional

question is intertwined with the merits of the case," the Rule 12(b)(1) motion should be

construed as a motion for summary judgment. *See id.*; *cf. Pringle v. United States*, 208

F.3d 1220, 1223 & n.3 (10th Cir. 2000) (determining that "th[e] case should have been

decided on summary judgment rather than as a 12(b)(1) motion to dismiss" where the

merits of the claim overlapped with the jurisdictional question).

      Here, the substantive claims seek relief for DOJ's alleged violation of FOIA as to

Bothwell's requests, whereas the jurisdictional mootness question presented is whether

DOJ already has complied with its obligations under FOIA. The jurisdictional question

therefore arises from the same statute as that underlying Bothwell's substantive claims

and determining such will necessarily resolve aspects of Bothwell's substantive FOIA

claims. Additionally, both parties rely on materials beyond the pleadings and cite

summary judgment standards to support their arguments. Therefore, the Court will

consider the Motion as one seeking the entry of summary judgment under Federal Rule of

Civil Procedure 56.

## III.    <u>LEGAL STANDARDS</u>

### A.    **Summary judgment standards**

Summary judgment shall be granted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). "An issue of fact is material if under the substantive law it is

essential to the proper disposition of the claim." *Savant Homes, Inc. v. Collins*, 809 F.3d

1133, 1137 (10th Cir. 2016) (internal quotation marks and citation omitted). A dispute

about a material fact is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986); *see also Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020)

(explaining that a dispute over a material fact is genuine "if a rational jury could find in

favor of the nonmoving party on the evidence presented" (citation omitted)). In applying

this standard, the Court "review[s] the facts and all reasonable inferences those facts

support[] in the light most favorable to the nonmoving party." *Doe*, 952 F.3d at 1189

(second alteration in original) (quoting *Evans v. Sandy City*, 944 F.3d 847, 852 (10th Cir.

2019)).

### B.    **FOIA standards**

Under FOIA, a person is generally "entitled to copies of a federal agency's records

upon making a request that 'reasonably describes such records' and that complies with

5

required procedures for such requests." *Trentadue v. F.B.I.*, 572 F.3d 794, 796 (10th Cir. 2009) (quoting 5 U.S.C. § 552(a)(3)(A)(i)). Congress passed FOIA "to promote public access to federal agency records and information upon request." *Friends of Animals v. Bernhardt*, 15 F.4th 1254, 1260 (10th Cir. 2021) (explaining that the statute's purpose is to ensure an informed public, which is necessary to guard against corruption and hold government officials accountable). "Given this purpose, FOIA is broadly construed in favor of disclosure." *Id.* The statute, however, "exempts nine categories of records from disclosure for confidentiality and privacy reasons." *Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*, 56 F.4th 913, 921 (10th Cir. 2022) (citing 5 U.S.C. § 552(b)); *Friends of Animals*, 15 F.4th at 1260 (recognizing that "the FOIA exemptions serve important interests").

When a party makes a FOIA request, the agency has twenty business days to determine "whether to comply with such request and shall immediately notify the person making such request" of the determination and reasons for the determination. 5 U.S.C. § 552(a)(6)(A)(i); *see also Trentadue*, 572 F.3d at 796–97. If the agency complies, "the records shall be made promptly available to such person making such request." 5 U.S.C. § 552(a)(6)(C)(i). If the agency chooses not to comply, the requesting party can seek relief in federal court. *See Trentadue*, 572 F.3d at 797 (citing § 552(a)(4)(B) and explaining that district courts have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld").

FOIA does not specify how hard an agency must search for requested records. *Id.* The only guidance from the statute indicates that an agency responding to a FOIA request

"*shall make reasonable efforts to search for the records* in electronic form or format, except when such efforts would significantly interfere with the operation of the agency's automated information system." 5 U.S.C. § 552(a)(3)(C) (emphasis added). "'[S]earch' means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." *Id.* § 552(a)(3)(D).

The Tenth Circuit, like other circuits, has adopted a "reasonableness rule." *See Trentadue*, 572 F.3d at 797 (listing circuits); *see also Rocky Mountain Wild*, 56 F.4th at 922. To that end, an agency's search should be "reasonable in scope and intensity." *Rocky Mountain Wild*, 56 F.4th at 922–23. "[T]he focal point of the judicial inquiry is the agency's search process, not the outcome of its search." *Trentadue*, 572 F.3d at 797; *see also Rocky Mountain Wild*, 56 F.4th at 926 (explaining that the focus is not on whether additional documents might possibly exist, but whether the government adequately searched for responsive documents).

"[C]ourts generally resolve FOIA cases on summary judgment based on affidavits or declarations" and "routinely rely on declarations to make sure an agency fulfilled its FOIA duties." *Rocky Mountain Wild*, 56 F.4th at 923 (citing *World Publ'g Co. v. U.S. Dep't of Just.*, 672 F.3d 825, 832 (10th Cir. 2012)). The district court is required to apply "a good-faith presumption" to agency declarations, which "essentially requires [the court] to credit the agency's sworn statements absent contrary evidence." *Id.* at 922 (internal quotation marks and citations omitted). A FOIA plaintiff "cannot rebut" the presumption of good faith "by merely speculating about the possibility of other documents somewhere." *Id.* Rather, a plaintiff must "present specific, nonspeculative, countervailing

7

evidence or evidence of inconsistencies" to create a genuine issue for trial as to whether the agency reasonably tried to produce responsive documents. *See id.* at 922, 926.

## IV.    **DISCUSSION**

Mr. Bothwell challenges the reasonableness of DOJ's searches for records under FOIA. He claims DOJ improperly withheld information under FOIA. Finally, Mr. Bothwell claims he is entitled to declaratory and monetary relief.

DOJ argues that the declarations of Linda Richardson and Ebony Griffin demonstrate DOJ's three separate FOIA searches were reasonable, and that Mr. Bothwell has not rebutted the presumption to create a triable issue of fact on the reasonableness of its searches. *See* [Doc. Nos. 70-13, 70-14].[2] DOJ also contends that EOUSA's claimed exemptions were proper. Finally, DOJ maintains that Bothwell is not entitled to the relief he seeks.

---

[2] DOJ also raises arguments over the timeliness of its responses to Mr. Bothwell's requests, but Bothwell does not argue over timeliness in his Amended Complaint [Doc. No. 9] or in his response to the Motion [Doc. No. 73]. Thus, the Court does not consider it raised before the Court, and the Court will not address the issue. Additionally, DOJ asserts that Mr. Bothwell's Privacy Act claim should be dismissed. Motion at 23–24. Although Bothwell references the Act in his Amended Complaint [Doc. No. 9 at 1], he does not allege any facts that could reasonably be construed to support a claim under the Privacy Act; thus, the Court declines to address this aspect of DOJ's Motion. *See Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1187 (10th Cir. 1998) (explaining that the Privacy Act "generally allows individuals to gain access to government records *on them* and to request correction of inaccurate records") (emphasis added).

**A.    No genuine factual dispute exists on the reasonableness of DOJ's FOIA searches.**

Upon its review of the searches and analysis, the Court concludes that DOJ's three separate searches were reasonable under the statute and that Mr. Bothwell has not rebutted the presumption to create a genuine factual dispute for trial.

**1.    Overview of the searches**

*a.    DOJ's initial search*

In February 2018, Bothwell submitted four FOIA requests to EOUSA requesting records pertaining to the "actual appointment" of Mr. Troester to the office of Acting USA, First AUSA, and AUSA from September 1995 to February 2018. In response, by letter dated April 4, 2018, EOUSA provided two documents: an Oath of Office signed by former United States Attorney Mark A. Yancey dated December 8, 2016, and an Oath of Office signed by Mr. Troester dated March 19, 1996.

In support of its Motion, DOJ has submitted a declaration from Ebony Griffin, an EOUSA attorney advisor responsible for acting "as a liaison among other divisions and offices of DOJ [and] providing advice on responding" to FOIA requests directed to USAO-WDOK and the other 93 districts of United States Attorneys' Offices ("USAOs"). Griffin's Decl. ¶ 2 [Doc. No. 70-14]. Griffin indicates that John Boseker was the EOUSA attorney assigned to Bothwell's request in 2018. *Id.* ¶ 9. Griffin attests she "worked closely with Mr. Boseker" before he retired in 2020, and that she "was familiar with his

process" because it is the same process employed by all EOUSA attorneys responding to FOIA requests. *Id.*

When EOUSA receives a FOIA request, the attorney assigned "evaluates the request to determine which records systems and components within [DOJ] may reasonably be expected to contain the records requested." *Id.* ¶ 7. The "determination is based on the description of the records requested and requires a familiarity with the holdings of [DOJ's] records systems." *Id.* DOJ "relies on the knowledge and expertise of the employees of each office to determine" which files and locations are "reasonably likely" to contain responsive records "and the best means of locating such records" because the "employees are in the best position to know how their files are organized." *Id.* ¶ 8. DOJ does not dictate the search terms to be used by the various offices because the employees are "in the best position to determine which search terms would yield potentially responsive records." *Id.*

After determining responsive documents could potentially exist in Troester's Electronic Official Personnel Folder ("eOPF"), Linda Richardson, whose "duties include receiving and reviewing [FOIA requests] for SF-61s or Oaths of Office (also titled 'Appointment Affidavit') maintained by or located in the [eOPF] system," was tasked with Bothwell's FOIA requests. Richardson's Decl. ¶ 3 [Doc. No. 70-13]. Richardson identifies herself as "an Administrative Specialist [in DOJ's EOUSA's] Policy and Special Programs group within Human Resources" ("HR"). *Id.* ¶ 1. In this capacity, she

"serve[s] as a liaison to the FOIA/PA staff for EOUSA located in Washington, D.C.," and "processes and responds to FOIA/PA requests for all 94 [USAOs]." *Id.* ¶ 2.[3]

Although Richardson has no independent recollection of processing Bothwell's requests, she attests she would have processed his request the same as she does for "every FOIA request [she] receive[s]." Richardson's Decl. ¶¶ 7–8. The process begins with an email from EOUSA's FOIA collaboration portal, notifying Richardson of the pending FOIA request and her assignment. *Id.* ¶ 8. Upon receiving her assignment, Richardson first checks to see whether the subject of the FOIA request is a current DOJ employee. *Id.* ¶ 9. If the individual is still employed with DOJ, Richardson uses the person's first and last name to search for their eOPF. *Id.* ¶ 10. She then searches the individual's eOPF for their SF-61 or Oath of Office. *Id.* Upon retrieving the document, she uploads it to the FOIA collaboration portal. *Id.*

Richardson attests that the "eOPF is the only system used within EOUSA to store an employee's personnel folder." *Id.* ¶ 11. She further attests that the only document she retrieves for FOIA searches is the SF-61 or Oath of Office, and if a FOIA request seeks additional documents in the eOPF, she forwards that request to other specialists in HR. *Id.* Finally, Richardson asserts she is unaware of other locations within EOUSA where records responsive to Bothwell's request are likely to be found, or of any other method or means by which a further search would uncover additional responsive documents. *Id.* ¶ 12.

---

[3] "FOIA/PA" means Freedom of Information Act/Privacy Act. Griffin's Decl. ¶ 1.

After receiving EOUSA's initial production, Bothwell appealed to DOJ's OIP. OIP remanded Bothwell's FOIA request back to EOUSA with instructions to conduct an additional search for "person[s] serving in an 'acting' capacity and the dates such service began." OIP affirmed the rest of EOUSA's response.

                 b.     *DOJ's remand search*

Pursuant to the remand search, EOUSA directed USAO-WDOK to conduct a search for records. Griffin's Decl. ¶ 12. Specifically, USAO-WDOK was asked to search for records relating to "(a) notification to the Comptroller General of the United States of any vacancy or vacancies in the Office of the United States Attorney for the WDOK; (b) person[s] serving in an acting capacity and the dates such service began; and/or (c) any report that found any person served longer than 210 days as the WDOK's Acting United States Attorney." *Id.* According to Griffin, the USAO-WDOK HR searched the personnel files of Yancey and Troester and produced six documents to EOUSA. *Id.* ¶ 13.

There were no documents for Troester in this remand search. *Id.* Additionally, EOUSA explained in its letter to Bothwell that when a First AUSA becomes an Acting USA under the Vacancies Reform Act, "there is no administrative paperwork processed such as [an] SF-52 or SF-61, Appointment Affidavit." *See* [Doc. No. 70-12 at 1].

                 c.     *DOJ's supplemental search*

Following the Court's order on June 13, 2023, DOJ conducted a third search for records in response to Bothwell's FOIA requests. According to Griffin, DOJ "relied on the expertise of individuals with knowledge" about appointment, personnel, and vacancy

records. Griffin's Decl. ¶ 16. The individuals included DOJ employees in EOUSA HR,

DOJ's Management Division ("JMD"), USAO-WDOK, and Mr. Troester. *Id.*

EOUSA determined Mr. Troester was a current employee and conducted a search

using his first and last name to locate his employee personnel records within eOPF, which

is the only system DOJ uses to store employee personnel records. *Id.* ¶ 18. Using search

terms: "Troester" and "Robert Troester," EOUSA uncovered nine records related to Mr.

Troester, the majority of which were produced via a voluntary Privacy Act waiver signed

by Mr. Troester. *Id.* ¶ 20 & n.3. The nine records included Mr. Troester's SF-61,

Appointment Affidavit, dated September 3, 1995, and eight SF-50s,[4] or Notification of

Personnel Actions, for various dates ranging from 1995 to 2017. *Id.* ¶ 20.

Additionally, EOUSA conferred with USAO-WDOK HR and Mr. Troester to

ensure they conducted searches for responsive records. *Id.* ¶ 22. USAO-WDOK HR

conducted a search of Troester's eOPF, beginning with the earliest personnel action

contained in his folder, and reviewed each document to determine whether it was

potentially responsive to the request. *Id.*

EOUSA also consulted with JMD on multiple occasions to ensure it had no

records responsive to Bothwell's requests seeking vacancy notifications to the

---

[4] An SF-50 "is a federal personnel record used to reflect a personnel action." It is different from an Oath of Office or Appointment Affidavit, which is an SF-61. Griffin's Decl. ¶ 19.

Comptroller General.[5] *Id.* ¶ 23. JMD had no responsive records. *Id.* JMD further

explained that it did not report any United States Attorney vacancies during the time

period specified in Bothwell's FOIA requests. *Id.* On June 11, 2024, DOJ disclosed the

nine additional documents to Mr. Bothwell, in care of his attorney. *Id.* ¶ 26.

**2.    Analysis**

Here, DOJ has set forth in adequate detail the methods used to search the

electronic files, the search terms used, and the specific records systems searched. DOJ's

declarations "provide reasonable detail of the scope [and method] of the [three]

search[es]." *Trentadue*, 572 F.3d at 807 (internal quotation marks and citations omitted).

Bothwell presents no "countervailing evidence" to rebut the good-faith presumption. *See*

*id.*

Mr. Bothwell does not suggest that other search terms, search methods, or

alternative records systems were available or feasible, and he "cannot rebut" the good-

faith presumption "by merely speculating about the existence of other documents." *Rocky*

*Mountain Wild*, 56 F.4th at 923. Mr. Bothwell's arguments rest on speculation; he offers

no evidence to show what additional documents DOJ possibly possesses. *See id.* at 926.

The focus is on whether DOJ adequately searched for responsive documents, not whether

further documents might possibly exist. *See id.*

---

[5] Griffin explains in her declaration that JMD is the entity responsible for reporting USA vacancies to the Comptroller General under the Federal Vacancies Reform Act. Griffin's Decl. ¶ 23.

In summary, Bothwell fails to present evidence sufficient to create a genuine factual dispute as to the reasonableness of DOJ's FOIA searches; therefore, summary judgment is appropriate on his challenge to the reasonableness of the searches.

**B.     Limited redactions to the records were proper under FOIA exemption (b)(6).**

FOIA enumerates nine exemptions, which allow the government to withhold or redact certain documents. *See* 5 U.S.C. § 552(b)(1)–(b)(9). Here, the only claimed exemption by EOUSA was § 552(b)(6). Exemption (b)(6) applies to personnel or similar files, "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). It is intended "to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 599 (1982).

EOUSA withheld or redacted Troester's personal information, including his social security number, date of birth, and address in the SF-50s that were disclosed to Bothwell on June 11, 2024. [Doc. No. 70-15]. Congress has indicated that there are some instances when disclosure of information is not in the public interest. *See Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004).

"[T]he text of the exemption requires the Court to balance 'the individual's right of privacy' against the basic policy of opening 'agency action to the light of public scrutiny.'" *U.S. Dep't of State v. Ray*, 502 U.S. 164, 175 (1991) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976)); *see also Forest Guardians v. U.S. Fed. Emergency Mgmt. Agency*, 410 F.3d 1214, 1217–18 (10th Cir. 2005) (explaining that the

Tenth Circuit applies a balancing test to determine whether disclosure would constitute a clearly unwarranted invasion of personal privacy under exemption (b)(6).

Here, the public's interest in Troester's personal identifying information is negligible, while Troester's interest in preventing the public disclosure of his social security number, birth date, and personal address substantially outweighs the public's interest in such information. *See Forest Guardians*, 410 F.3d at 1218 (acknowledging that Congress intended to protect an individual's personal identifying information, such as their home address, under exemption (b)(6).

Accordingly, such disclosure would be "a clearly unwarranted invasion of personal privacy," *id.* at 1217, and DOJ properly redacted such information in the SF-50s under FOIA exemption (b)(6).

## C.    Mr. Bothwell is not entitled to the relief he seeks.

### 1.    Request for declaratory judgment

The limited issue before the Court is whether DOJ's searches for responsive documents to Mr. Bothwell's FOIA requests were reasonable. The Court's role in a FOIA lawsuit is to review the adequacy of the agency's search, not to make a factual determination about the existence or non-existence of a particular record. It is not the Court's role, in the context of a FOIA lawsuit, to issue a declaration about whether certain documents do or do not exist, or have ever existed, within DOJ's record-keeping system. *See Trentadue*, 572 F.3d at 807 (explaining "the issue in a FOIA lawsuit . . . is not whether there exist further documents responsive to a FOIA request but whether the agency conducted a reasonable search for responsive documents"); *see also Rocky*

16

*Mountain Wild*, 56 F.4th at 923 (stating same); *Maehr v. Internal Revenue Serv.*, Civil

Action No. 19-cv-03464-PAB-NRN, 2021 WL 2636431, at *7 (D. Colo. May 24, 2021),

*report and recommendation adopted*, Civil Action No. 19-cv-03464-PAB-NRN, 2021 WL

2633391 (D. Colo. June 25, 2021) (denying the plaintiff's request for declaratory

judgment and explaining it is not the court's role in a FOIA action to issue a declaration

whether certain documents exist).

Mr. Bothwell provides no authority that would justify a judicial declaration of the

type he is seeking. Further, a FOIA lawsuit is not the proper forum within which to

relitigate a prior criminal conviction. *See, e.g.*, *Jabar v. U.S. Dep't of Just.*, 62 F.4th 44,

51 (2d Cir. 2023) (explaining that FOIA was not intended as a mechanism to delay

ongoing litigation or enlarge the scope of discovery under the Federal Rules of Criminal

Procedure); *Higgs v. U.S. Park Police*, 933 F.3d 897, 905 (7th Cir. 2019) (explaining that

"a prisoner's interest in using FOIA as a discovery tool in a collateral attack on his own

conviction is also insufficient" to show a public interest that would overcome the

government's assertion that information is protected by a FOIA exemption); *Rimmer v.

Holder*, 700 F.3d 246, 258 (6th Cir. 2012) (explaining that FOIA is not a substitute for the

normal process of discovery in criminal cases).

Absent legal authority for the issuance of a declaratory judgment of the type for

which Mr. Bothwell seeks, his request is denied.

### 2.    Request for monetary and other relief

FOIA also does not provide a private right of action for monetary damages. *See

Chrysler Corp. v. Brown*, 441 U.S. 281, 285 (1979) (recognizing that "FOIA is purely a

disclosure statute"); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (explaining that there is no private right of action for money damages under FOIA).

FOIA was intended "to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). "FOIA is only directed at requiring agencies to disclose those 'agency records' for which they have chosen to retain possession or control." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 151–52 (1980). It "does not obligate agencies to create or retain documents," but only requires agencies "to provide access to those" records that they "in fact [have] created and retained." *Id.* at 152; *see also* 5 U.S.C. § 552(a)(4)(B); *Scherer v. United States*, 241 F. Supp. 2d 1270, 1277–78 (D. Kan. 2003) (explaining that the remedy under FOIA is limited and that Congress did not include a right to monetary damages under FOIA's remedial scheme).

Thus, any relief that Mr. Bothwell seeks outside the confines of FOIA is legally impermissible. *See* [Doc. No. 9 at 9–10].[6]

---

[6] In his response, Bothwell "reserves an application for attorney fees for having to bring this lawsuit for the public's benefit and to force compliance with [FOIA]." [Doc. No. 73 at 2, 11–12]. Bothwell must file a separate motion for such request if there is a legal basis. *See* Fed. R. Civ. P. 7(b)(1) (requiring a request for a court order to be made by written motion and stating with particularity the grounds for seeking the order and stating the relief sought). "A response to a motion may not also include a motion or a cross-motion made by the responding party." LCvR7.1(c). Additionally, while the Court does not prejudge the merits of any potential motion for attorney's fees, "[t]o be entitled to fees under § 552(a)(4)(E), [a] plaintiff must establish that [he] substantially prevailed in the litigation and that a fee award is otherwise justified." *Anderson v. U.S. Dep't of Health & Hum. Servs.*, 3 F.3d 1383, 1384 (10th Cir. 1993); *see also Aviation Data Serv. v. F.A.A.*, 687 F.2d 1319, 1321–22 (10th Cir. 1982) (setting forth factors for courts to consider in exercising their discretion to award attorney fees and litigation costs to a prevailing party in a FOIA action). Before any additional motions are filed, the parties

## V.    **CONCLUSION**

Based on the parties' submissions and the applicable law, DOJ is entitled to

summary judgment on Mr. Bothwell's FOIA claims. Consequently, the Court GRANTS

Defendant United States Department of Justice's Motion for Summary Judgment [Doc.

No. 70]. A separate judgment will follow.

IT IS SO ORDERED this 23rd day of July 2025.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

must confer in an attempt to resolve any remaining issues and include a certificate of
conference in any contested motions.